UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 2:15-CR-172 |
| MELINDA MILTON, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before me on Melinda Milton's motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic. [DE 2752.] Milton is a 40 year old female currently incarcerated at FCI Waseca in Waseca, Minnesota, who is not scheduled to be released until 2030. Milton has not claimed any underlying health conditions, but argues her sentence should be reduced because she has been rehabilitated and has successfully taken classes, plus she believes there is COVID-19 in four out of the five units in her institution. In accordance with my order dated September 23, 2020, the Federal Defender's Office reviewed this case, but determined it could not assist Milton. [DE 2755.] So I decided to rule on the motion pro se. The Government filed a memorandum in opposition on October 13, 2020, as well as sealed medical records. [DE 2776.] To date, Milton has not filed a reply.

I'll begin with the procedural background of the case, like usual. On April 20, 2018, I sentenced Milton to 204 months imprisonment after she pled guilty to one count of sex trafficking a minor and one count of sex trafficking by fraud and coercion, in

violation of 18 U.S.C. § 1591(a)(1), (b)(1) and (b)(2). [DE 172, 1498.] In her amended plea agreement, Milton admitted to running a prostitution enterprise with more than five women, including sex trafficking three minor females between the ages of 15 and 16 years old. [DE 171 at ¶ 8.]  According to the final presentence report, the day after Milton pled guilty, she instructed a friend to "blast" (or publish on social media) the names of the three minor sex trafficking victims as retribution for them cooperating with law enforcement against her, referring to those minor victims as "whores." [DE 231, PSR ¶ 34.]  Milton's offense level was the maximum of 43.  I imposed a below-Guidelines sentence of 204 months.  Currently, Milton has served approximately 58 months (less than a third of her full sentence) and her projected release date is April 2030. [DE 2777 at 2-3.]

In her pro se motion, Milton requests compassionate release, arguing she has "demonstrated rehabilitation" and is no longer a threat to the community.  [DE 2752 at 1.]  She claims she has not received any incidents in prison since October 2018 and has completed certain self-improvement classes.  [*Id.* at 2.]

This request is for compassionate release under the First Step Act.  Milton bears the burden of showing he is entitled to compassionate release.  *See United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31. 2020).  Compassionate release is "an extraordinary and rare event."  *United States v. Mangarella*, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, at *2-3 (W.D.N.C. Mar. 16, 2020).

Before addressing the merits, I must first look at the exhaustion requirement.

2

The First Step Act provides that I can consider a motion directly from the defendant after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Milton does not mention the exhaustion requirement in her motion. According to an e-mail from BOP legal counsel, as of October 9, 2020, Milton had not submitted a request for reduction in sentence. [DE 2777 at 10.] Therefore, Milton has not satisfied the administrative exhaustion requirement. But even if she had, I would still deny Milton's request on the merits, as explained below.

The First Step Act provides that the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In other words, the compassionate release statute directs me to make three considerations: (1) whether a reduction is consistent with the factors listed in section 3553(a); (2) whether extraordinary and compelling reasons warrant a sentence reduction; and (3) whether a reduction would be consistent with the Sentencing Commission's policy statements. All three considerations weigh against release in this case.

The section 3553(a) factors, which are well-known by this point, include the nature and circumstances of the offense and history and characteristics of the

defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed.  18 U.S.C. § 3553(a).  Milton's crimes – sex trafficking of minors and sex trafficking an adult by coercion and fraud, are serious and depraved.  Milton profited financially by selling the services of teenage girls, as well as exploiting another woman's drug addiction and threatening physical harm to coerce the woman to perform sex acts.  This type of manipulation is degrading and could cause long-term harm to her victims.  At this stage of her sentence, Milton still has more than 9 years left in prison.  It would be a disservice to her victims, especially the minor girls that she took advantage of, to grant her release. The Section 3553(a) factors of punishment, deterrence, and promotion or respect for the law do not warrant release in this case.  *See, e.g., United States v. Picazzo*, No. 2:18-CR-122-PPS, 2020 WL 5757984, at *2 (N.D. Ind. Sept. 28, 2020) (denying request for compassionate release in part due to the serious and dangerous nature of defendant's offense); *United States v. Cochran*, No. 2:06 CR 114, 2020 WL 2092836, at *5 (N.D. Ind. May 1, 2020) (denying motion for compassionate release because "[r]equiring defendant to serve the remainder of his sentence would promote respect for the law and provide just punishment for defendant's offense.").

    In turning to whether there are "extraordinary and compelling reasons [that] warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A), I

4

note that the pertinent policy statement is set forth in the United States Sentencing Guidelines (USSG) § 1B1.13.  This would allow me to reduce Milton's sentence if I determined extraordinary and compelling reasons warrant the reduction, Milton is not a danger to the safety of any person or the community, and the reduction is consistent with the policy statement.  USSG § 1B1.13.  The Sentencing Commission also provided specific examples of what constitutes an extraordinary and compelling circumstance, which include: the defendant is suffering from a terminal illness; the defendant is suffering from a serious physical or medical condition; the death or incapacitation of the caregiver of the defendant's minor child or minor children or upon the incapacitation of the defendant's spouse/registered partner when the defendant would be the only caregiver for that spouse/registered partner; or other reasons as determined by the Director of the BOP.  USSG § 1B1.13 cmt. n. 1.

There are no compelling reasons for release in this case.  Milton does not suffer from any serious physical, cognitive, functional, or mental impairment that would substantially diminish her ability to provide self-care within the prison.  Even considering the risk of COVID-19, Milton still has not produced compelling reasons for release.  She is relatively young (40 years old) and seemingly has no underlying health conditions that would heighten any risk of COVID-19 complications.  During a screening encounter for COVID-19 at the prison, there were no known risk factors (for example, no history of cardiac, liver or kidney disease, diabetes, obesity, or asthma) noted in Milton's chart. [DE 2776-1.]  Milton indicates she is generally afraid of the

5

virus. But a generalized fear of contracting the virus is insufficient for release. Indeed, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

As the government sets out in its response, the BOP authorities have undertaken extraordinary measures and efforts to keep inmates and staff alike safe and healthy. [DE 2777 at 4-8.] As of the date of the government's response, FCI Waseca had 76 confirmed active cases of COVID-19 among inmates, and 1 among staff, with 368 inmates and 9 staff members recovered. [DE 2777 at 7.] These numbers are certainly disturbing. And I am sympathetic to Milton's concern that "[t]he prison can not protect me from Covid or provide appropriate medical care if I become infected" [DE 2752 at 2], but because Milton is young and healthy, and exhibiting no risk factors that could increase complications with COVID-19, this is simply not a compelling reason for reduction in her sentence. *See, e.g., United States v. Ramsey*, No. 15-cr-108-pp, 2020 WL 4048500, at *5 (E.D. Wis. July 20, 2020) (denying compassionate release where defendant was young

6

and healthy, and recognizing if "fear of the virus was a basis for granting a sentence reduction for compassionate release, there would no longer be inmates in any jails or prisons.").

Finally, Milton's self proclaimed "rehabilitation," the fact that she has not received a disciplinary infraction within the last two years, and the completion of self-improvement courses are also inadequate bases for relief. Even an exemplary prison record does not justify release. *See United States v. Washington*, No. 5:13-020-DCR, 2019 WL 6220984, at *2 (E.D. Ky. Nov. 21, 2019) (defendant's claim that he "has an ideal prison record and is the prototype of a successfully rehabilitated individual" does not present an extraordinary circumstance); *United States v. Wieber*, No. 3:14-CR-74-TBR, 2020 WL 1492907, at *2-3 (W.D. Ky. Mar. 27, 2020) (denying relief where defendant took classes in prison and collecting cases stating compassionate release cannot be based on rehabilitation alone); *United States v. Carr*, No. 02-106(JDB), 2020 WL 4192560, at *2 (D. D.C. July 21, 2020) (denying compassionate release notwithstanding defendant's completion of a "wide range of classes" and drug program). While Milton's good behavior and desire to better herself by taking classes is certainly commendable, and I encourage Milton to continue such laudable actions, it is not a basis for release.

Issues surrounding the COVID-19 pandemic are changing rapidly and new developments are occurring almost every day. At this point, based upon all the facts before me, I do not think that Milton's sentence should be reduced and she should be released for home confinement. If factual developments warrant a reconsideration,

Milton is free to exhaust her administrative remedies, and file a new motion under § 3582(c)(1)(A).

## Conclusion

For the aforementioned reasons, Melinda Milton's motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic [DE 2752] is DENIED. Milton has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A).

SO ORDERED.

ENTERED: October 26, 2020.

/s/  Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT